Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 818-619-3774
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVE VACCARO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APRIA HEALTHCARE LLC; DOES 1-10 Inclusive,<br><br>Defendant. | **Case No.:** 2:25-cv-7308<br><br>**CLASS ACTION**<br><br>**<u>ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF</u>**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

1. DAVE VACCARO ("Plaintiff") brings this Class Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of APRIA HEALTHCARE LLC ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff.

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> Id. at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claim because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because

Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California and Plaintiff resides within the County of Los Angeles, State of California.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national limited liability company whose State of Incorporation is California. Defendant, is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

9. Plaintiff is a natural person residing in Los Angeles County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

## FACTUAL ALLEGATIONS

10. Beginning in or around January 2024, Defendant Apria Healthcare, LLC ("Defendant") began placing repeated, unsolicited telephone calls and sending prerecorded voice messages to Plaintiff's personal cellular telephone, without Plaintiff's prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

11. On or about January 22, 2024, Plaintiff received a telemarketing text message from Defendant, promoting a new sleep machine. The message included instructions to reply "YES" to accept or "STOP" to opt out. Plaintiff promptly replied "STOP," clearly revoking any consent to further contact and instructing Defendant to cease all communications.

12. By replying "STOP," Plaintiff clearly revoked any prior express consent to be contacted and thereby triggered Defendant's obligation under 47 C.F.R. § 64.1200(d) to maintain an internal do-not-call list and honor Plaintiff's opt-out request. Defendant responded with an automated confirmation acknowledging the opt-out.

13. Despite this clear and unambiguous revocation of consent, Defendant continued to place calls to Plaintiff's cellular telephone. These calls featured an artificial or prerecorded voice and originated from toll-free number 1-800-436-5657, which Plaintiff recognized as affiliated with Defendant.

14. On January 20, 2024 — prior to the opt-out — Plaintiff received a voicemail stating: "Hello, this is the sleep management center at Apria Healthcare. We're calling to check on our patient. Please call our toll-free patient management service at 1-800-436-5657…"

15. Following Plaintiff's "STOP" message, Defendant continued to place unwanted calls and leave prerecorded voicemails on multiple occasions, including but not limited to:

- January 26, 2024
- February 7, 2024
- February 13, 2024 (9:12 AM)
- February 19, 2024
- February 25, 2024 (from an "Unknown" caller ID but also featuring a prerecorded voice)

16. Plaintiff never provided express written consent for Defendant to deliver prerecorded voice messages or telemarketing calls to his cellular telephone. In fact, Plaintiff took affirmative steps to revoke any prior consent by replying "STOP" to Defendant's text message, which under the TCPA and applicable regulations constituted a valid opt-out. Defendant was required to

maintain and honor an internal do-not-call list but continued contacting Plaintiff in disregard of that obligation.

17. Some calls appeared on Plaintiff's caller ID as "ApriaHealthcare," while others displayed as "Unknown," though they were all traceable to the same toll-free campaign.

18. Defendant's calls were placed to a number assigned to a cellular telephone service for which Plaintiff incurs charges. These calls were not made for emergency purposes.

19. Defendant's conduct has caused Plaintiff significant aggravation, invasion of privacy, and disruption to his daily life, including anxiety and emotional distress associated with being repeatedly contacted after explicitly opting out.

20. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

21. Defendant has violated the TCPA in multiple ways, including but not limited to:

a. Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

22. As a result of the above violations of the TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the proposed Class (hereafter, "The Class").

24. Plaintiff represents, and Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows: All persons within the United States who requested that Defendant stop texting or calling them, and who, after requesting Defendant stop contacting them, received more than one call or message by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

25. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This action seeks only statutory damages and injunctive relief for economic injury on behalf of the Class. It is not intended to pursue any claim for personal injury or emotional distress. Plaintiff reserves the right to amend the Class definition or seek additional subclasses as warranted based on discovery and further investigation.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

28. Plaintiff and members of the Internal DNC Class were harmed by Defendant's conduct in at least the following ways: Defendant violated 47 C.F.R. § 64.1200(d) by failing to honor Plaintiff's request to stop receiving calls or messages and by continuing to contact Plaintiff and similarly situated individuals for telemarketing purposes, thereby invading their privacy and violating their statutory rights under the Telephone Consumer Protection Act ("TCPA").

29. There exists a well-defined community of interest in the questions of law and fact affecting the Class. These common questions of law and fact predominate over questions affecting only individual Class members and include:

a) Whether Defendant, within the four years prior to the filing of this Complaint through the date of class certification, placed more than one telemarketing or solicitation call or message to individuals who had previously requested that Defendant stop contacting them;

b) Whether Defendant maintained internal do-not-call procedures and policies as required by 47 C.F.R. § 64.1200(d), including honoring requests to be placed on its internal do-not-call list;

c) Whether Defendant's actions violated the TCPA and related FCC regulations;

d) Whether Plaintiff and Class members are entitled to statutory damages and injunctive relief for Defendant's violations; and

e) Whether Defendant should be enjoined from making further unsolicited calls or messages to consumers who have requested not to be contacted.

30. Plaintiff's claims are typical of the claims of the Internal DNC Class because Plaintiff, like other Class members, requested that Defendant stop contacting him but continued to receive multiple unsolicited telemarketing messages promoting Defendant's services. Plaintiff will fairly and adequately represent and protect the interests of the Class, as he has no interests antagonistic to those of the Class.

31. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and

members of The Classes, the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)**

a) As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
b) Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
c) Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)**

a) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each Internal DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).
b) Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
c) Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 7th day of August, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff